JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 20-2202 JGB (SHKx) | Date | February 2, 2021 |
|---|---|---|---|
| Title | *Theresa Brooke v. CSP Hospitality LLC* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Defendant's Motion to Dismiss (Dkt. No. 7); and (2) VACATING the February 8, 2021 Hearing (IN CHAMBERS)**

Before the Court is a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendant CSP Hospitality LLC. ("Motion," Dkt. No. 7.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court GRANTS Defendant's Motion. The February 8, 2021 hearing is VACATED.

## I.   BACKGROUND

On October 20, 2020, Plaintiff Theresa Brooke filed a complaint against Defendant CSP Hospitality LLC. ("Complaint," Dkt. No. 1.) The Complaint alleges two causes of action: (1) violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12182(a) and (b)(2); and (2) violation of the Unruh Civil Rights Act ("UCRA"), Cal. Civ. Code § 51, et seq. (See Complaint.)

On December 9, 2020, Defendant filed this Motion. In support of the Motion, Defendant filed the Declaration of Pinank Bhakta ("Bhakta Declaration," Dkt. No. 7-2); the Declaration of Philip Stillman ("Stillman Declaration," Dkt. No. 7-3); and a Request for Judicial Notice ("RJN," Dkt. No. 7-4). Plaintiff filed her Opposition on December 10, 2020. ("Opposition," Dkt. No. 8.) Defendant replied on December 29, 2021. ("Reply," Dkt. No. 12.)

## II. FACTUAL ALLEGATONS

Plaintiff alleges the following facts. Plaintiff is legally disabled, and ambulates with the aid of a wheelchair due to the loss of a leg. (Compl. ¶ 1.) Defendant owns and/or operates the Hampton Inn & Suites Indio ("the Hotel") located at 42261 Spectrum Street in Indio, California. (Id. ¶ 2.)

In mid-October 2020, Plaintiff and her sister traveled to the Desert Cities for leisure travel and to test accessibility at local hotels. (Id. ¶ 11.) During that trip, Plaintiff visited the Hotel and stopped at the passenger loading zone directly in front of the lobby, where people and luggage are picked up and dropped off. (Id. ¶ 10.) Plaintiff alleges that she could not access the Hotel lobby because the passenger loading zone did not have an access aisle that complies with Section 503 of the ADAAG Standards. (Id. ¶ 11.) Plaintiff alleges that she is deterred from visiting the Hotel in the future until and unless Defendant remedies the barrier to access. (Id. ¶ 14.) Plaintiff intends to visit the Desert Cities again later this year for leisure and further ADA testing with her husband, and will visit the Hotel if it remediates the barrier at issue. (Id. ¶ 14.)

## III. LEGAL STANDARD

### A. Rule 12(b)(1)

Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, without which, a federal district court cannot adjudicate the case before it. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994). Pursuant to Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." Sierra v. Dep't. of Family and Children Servs., 2016 WL 3751954, at *3 (C.D. Cal. Feb. 26, 2016) (quoting Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003)). Thus, a jurisdictional challenge can be either facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

In a facial attack, the moving party asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When evaluating a facial attack, the court must accept the factual allegations in the plaintiff's complaint as true. Comm. for Immigrant Rights of Sonoma Cty. v. Cty. of Sonoma, 644 F. Supp. 2d 1177, 1189 (N.D. Cal. 2009). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone, 373 F.3d at 1039. In resolving a factual challenge, the court "need not presume the truthfulness of the plaintiff's allegations" and "may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." White, 227 F.3d at 1242. "Where jurisdiction is intertwined with the merits, [the Court] must 'assume the truth of the allegations in the complaint . . . unless controverted by undisputed facts in the record.'" Warren, 328 F.3d at 1139 (quoting Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)).

### B. ADA Standing

"[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement[s] of Article III by demonstrating his standing to sue at each stage of the litigation." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011). To establish standing, Plaintiff must "demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [Defendant's] actions, and that the injury can be redressed by a favorable decision." Id.

"Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III." Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002). "[A] plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a similar way.'" Chapman, 631 F.3d at 948 (citing City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)). "That is, he must establish a 'real and immediate threat of repeated injury.'" Id. (quoting Lyons, 461 U.S. at 102). Thus, Plaintiff may establish standing under the ADA in one of two ways: (1) demonstrating an intent to return to the allegedly noncompliant accommodation; or (2) demonstrating that he is deterred from visiting the noncompliant public accommodation because he has encountered barriers related to his disability there. Chapman, 631 F.3d at 949.

## IV. DISCUSSION

Defendant moves to dismiss this action for lack of subject matter jurisdiction and failure to state a claim. (Mot.) Defendant argues that Plaintiff does not have standing to sue, given that (1) Plaintiff has not pled a violation of the ADA or any facts showing that she has been "adversely affected"; (2) she has not sufficiently alleged an intent to return; (3) she has not shown a real threat of repeated injury; and (4) she cannot succeed on a deterrence theory. (Mot. at 1, 6.) Defendant also argues that for these same reasons, Plaintiff fails to state a claim. (Id. at n.2.) The Court considers each argument in turn.

### A. Injury-In-Fact

A plaintiff has sustained an injury in fact only if she can establish "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (citations and internal quotation marks omitted). Where, as here, a party seeks injunctive relief, "past exposure to illegal conduct does not in itself show a present case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (alteration omitted). Instead, Plaintiff must allege "continuing, present adverse effects" stemming from the defendant's actions. Id.

//
//

1. **ADA Violation**

Defendant first claims that Plaintiff fails to establish a violation of the ADA. Plaintiff alleges that she could not access the Hotel lobby because "the passenger loading zone did not have an access aisle that complies with Section 503 of the Standards." (Compl. ¶ 11.) Defendant proffers the Declaration of Pinank Bhakta, managing member of Defendant CSP Hospitality, to dispute Plaintiff's claim that there is a "passenger loading zone" in front of the Hotel. (Bhakta Decl. ¶ 2, Ex. 1 (pictures of front of the Hotel).) Defendant also relies on the Declaration of Steven Schraibman, a Certified Access Specialist, to establish that the ADA does not require hotels to have a passenger loading zone, and where absent, the ADA standards for passenger loading zones do not apply. (Schrabman Decl. ¶¶ 9-12.)

However, this jurisdictional challenge amounts to a challenge of the merits of Plaintiff's ADA claim. Defendant appears to acknowledge this by arguing that "[f]or the same reasons that Brooke lacks standing, she also fails to state a claim." (Mot. at 4, n.2.) As established above, where "jurisdiction is intertwined with the merits," the Court "must 'assume the truth of the allegations in the complaint . . . unless controverted by undisputed facts in the record.'" Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (citing Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)). Accordingly, the Court will not consider extrinsic evidence or make factual determinations as to the merits of Plaintiff's ADA claims.[1]

The Court thus assumes the truth of the allegations that the Hotel "has a passenger loading zone where persons and luggage [are] picked up and dropped off[,]" which Plaintiff was unable to access. (Compl. ¶¶ 10-11.) Defendant asserts that the U.S. Access Board Guidelines establish that "[o]nly those areas that are specifically designed or designated for passenger loading are considered 'passenger loading zones' under the Standards."[2] (Mot. at 5.) Where "passenger loading may occasionally occur, but is not specifically intended or reflected in the design[,]" "compliance [with the Standards] is not required[.]" (Id.) While Defendant argues

---

[1] For Defendant's remaining jurisdictional arguments that do not go into the merits, Defendant's Motion presents a factual challenge, disputing the truth of Plaintiff's allegations in the Complaint through extrinsic evidence. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). As established above, unlike with facial attacks or Rule 12(b)(6) motions, in resolving a factual challenge, courts "need not presume the truthfulness of the plaintiff's allegations" and "may look beyond the complaint." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Norkunas v. Wynn Las Vegas, LLC, 343 F. App'x 269, 270 (9th Cir. 2009) ("A Rule 12(b)(1) motion can be made as a speaking motion—or factual attack—when the defendant submits evidence challenging the jurisdiction along with its motion to dismiss[.]"). The Court applies this standard to Defendant's arguments on intent to return and deterrence, which do not concern the merits of Plaintiff's ADA claims.

[2] See https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-adastandards/guide-to-the-ada-standards/chapter-5-passenger-loading-zones.

that is the case here, whether passenger loading was "specifically intended or reflected in the design" of the Hotel is a question of fact. The Court therefore rejects Defendant's argument.

2. **Concrete and Particularized Injuries**

Defendant also argues that the Complaint does not allege concrete and particularized injuries. According to Defendant, the Complaint does not explain how Plaintiff's specific disability was affected by the lack of an access aisle in the passenger loading zone, given that there are ADA-compliant parking spaces providing access to the Hotel. (Mot. at 7.) But "[u]nder the ADA, when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 947 (9th Cir. 2011) (citing Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1041 (9th Cir. 2008)). "Rather, the barrier need only interfere with the plaintiff's 'full and equal enjoyment' of the facility." Id. (quoting 42 U.S.C. § 12182(a)).

Defendant also argues that Plaintiff fails to allege that she had any reason to be in the alleged loading zone or that she even attempted to get out of her car. (Mot. at 7.) But "[w]hen a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the 'futile gesture' of attempting to gain access in order to show actual injury." Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr., 867 F.3d 1093, 1098 (9th Cir. 2017) (citing Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1135 (9th Cir. 2002)). Thus, Plaintiff need not even visit the Hotel or "personal[ly] encounter" the alleged barrier to state a claim. "It is the plaintiff's 'actual knowledge' of a barrier, rather than the source of that knowledge, that is determinative." Id. at 1099.

The Court therefore rejects Defendant's arguments, and finds that Plaintiff has sufficiently alleged concrete and particularized injuries.

B. **Intent to Return**

Defendant next argues that Plaintiff lacks standing because she fails to demonstrate an intent to visit the Hotel and encounter the alleged ADA violations again. Isolated, past incidents of ADA violations do not support an inference that a plaintiff faces a real and immediate threat of continued, future violations of the ADA in the absence of injunctive relief. See Midgett v. Tri-Cty. Met. Trans. Dist. of Or., 254 F.3d 846, 850 (9th Cir.2001). To determine whether a plaintiff's likelihood of returning to a place of public accommodation is sufficient to confer standing, courts examine factors such as "(1) the proximity of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." Johnson v. DTBA, LLC, 424 F. Supp. 3d 657, 663 (N.D. Cal. 2019) (quoting Johnson v. Overlook at Blue Ravine, LLC, 2012 WL 2993890, at *3 (E.D. Cal. 2012) (collecting cases)). But these are not definitive, and "the key inquiry remains whether Plaintiff had a likelihood of returning to the []

premises." D'Lil v. Stardust Vacation Club, 2001 WL 1825832, at *3 (E.D. Cal. 2001).  To satisfy this standard, Plaintiff "must demonstrate [her] intent to return" to the area and go to the Hotel.  Brooke v. Kashl Corp., 362 F. Supp. 3d 864, 874 (S.D. Cal. 2019).

Plaintiff alleges that "she intends on visiting the Desert Cities again later this year for leisure and further ADA testing, this time with her husband, and will visit Defendant's hotel if it remediates the barrier at issue." (Compl. ¶ 14.)  But speculative "'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of 'actual or imminent injury.'" Norkunas v. Wynn Resorts Holdings, LLC, 2007 WL 2949569, at *3 (D. Nev. Oct. 10, 2007) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 564 (1992)) (emphasis in original).  Merely stating an intent to return is not adequate response to Defendant's 12(b)(1) factual attack on standing.  Id.; Luu v. Ramparts, Inc., 926 F. Supp. 2d 1178, 1182 (D. Nev. 2013) ("[Plaintiff's affidavit contains classic 'some day,' non-concrete plans to stay at the Luxor, and these statements accordingly cannot survive Defendant's Motion.").

Defendant also points out that Plaintiff's asserted plan to return is implausible.  Plaintiff has sued 31 hotels in the Desert Cities area since October 18, 2020,[3] and avowing an intent to stay at each establishment "defies credulity."  See Strojnik v. Vill. 1017 Coronado, Inc., 2020 WL 3250608, at *3 (S.D. Cal. June 16, 2020) (taking judicial notice of plaintiff's lawsuits against at least 22 other lodging establishments in the area, where plaintiff alleged plans to return, and finding that "[i]t defies credulity that [p]laintiff intends to visit over twenty different establishments in San Diego when he lives in Phoenix").

Other factors also counsel against standing.  Plaintiff does not allege that she has previously visited the Hotel, or even visited the Desert Cities area in general, other than on the single trip alleged. (Mot. at 11.)  See Johnson v. Overlook at Blue Ravine, LLC, 2012 WL 2993890, at *3 (E.D. Cal. July 20, 2012) (finding that lack of past patronage "strongly favors the Defendant").  Moreover, while Plaintiff generally alleges that "[s]he and her husband are avid travelers to California for purposes of leisure travel, court-related hearings, conferences and inspections, and to 'test' whether various hotels across the Country comply with disability access laws[,]" (Compl. ¶ 8), Plaintiff fails to allege her frequency of travel or "specific ties" to the Desert Cities area in general, or the Hotel in particular.  Blue Ravine, 2012 WL 2993890, at *11.

Thus, considering Plaintiff's lack of concrete plans to return to the Desert Cities area or the Hotel, her lack of past patronage of the Hotel, and her infrequent visits or specific ties to the

---

[3] Defendant asks the Court to take judicial notice of a list of Plaintiff's cases filed in California federal courts.  (RJN, Ex. 1.)  These documents are public records and are therefore proper for judicial notice.  See, e.g., C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1123, 1138 (E.D. Cal. 2009) (taking judicial notice of documents available on Pacer).  The Court GRANTS Defendant's RJN.

area or Hotel, the Court finds that Plaintiff has not sufficiently established an intent to return. DTBA, 424 F. Supp. 3d at 663.

### C. Deterrence from Visiting

Plaintiff's deterrence argument fares no better. "A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." Chapman, 631 F.3d at 949. In her Complaint, Plaintiff states that she was "[d]eterred at the lack of equality and inability to even access the lobby from the passenger loading zone," and asserts that she is "deterred from visiting Defendant's hotel in the future until and unless Defendant remedies" the alleged barriers. (Compl. ¶¶ 13-14.) However, Plaintiff offers no evidence (such as a signed declaration, for example) to counter Defendant's evidence to the contrary. Moreover, under the deterrence test, "an ADA plaintiff must [still] show an intent to return." Johnson v. Mantena LLC, 2020 WL 1531355, at *5 (N.D. Cal. Mar. 31, 2020). Plaintiff fails to establish why she would prefer this Hotel over others, any specific instances of deterrence, or any concrete plan to patronize the Hotel in the future. "[Her] allegations of deterrence are thus strictly theoretical; [s]he has not demonstrated a sufficient likelihood that [s]he will be wronged in a similar way." Id. at *5.

Accordingly, Plaintiff cannot show meet the "imminence" requirement of standing and this Court lacks subject-matter jurisdiction over her ADA claims. The Court therefore DISMISSES Plaintiff's ADA claims.

### D. Supplemental Jurisdiction

Defendant asks the Court to decline to exercise jurisdiction over Plaintiff's state law claims. (Mot. at 19.) Plaintiff presents no persuasive argument as to why this Court should retain jurisdiction over the state law claims should the federal claims be dismissed. (Opp'n at 10-11.) Because the Court dismisses the ADA claims over which it has original jurisdiction, the Court accordingly DISMISSES Plaintiff's state law claim without prejudice to their filing in state court. See 28 U.S.C. § 1367(c)(3).

### 3. CONCLUSION

For the reasons above, the Court GRANTS Defendant's Motion. The February 8, 2021 hearing is VACATED. The Clerk is directed to close this case.

**IT IS SO ORDERED.**